UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-09123-BFM **Date:** August 31, 2026

**Title:** *Oleg Ryakhovskiy v. Ernesto Santacruz Jr et al.*

================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings: (In Chambers) Order Denying Petition (ECF 1)**

Petitioner Oleg Ryakhovskiy filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 15, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **denied**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center. *See* U.S. Immigration and Customs Enforcement Locator, https://locator.ice.gov. He was inspected and lawfully admitted to the United States in July 2024 on a valid B-2 nonimmigrant visa. (Pet. ¶ 1.) Petitioner has resided in the United States since his arrival, has lived with his family, and has no criminal history. (Pet. ¶¶ 5, 7, 13.)

On August 29, 2024, while still validly present on a temporary visa, Petitioner applied for asylum. (Pet. ¶ 2.) That application is pending. (ECF 1-2 at 2.)

Upon returning to California on a domestic flight from Hawaii, Petitioner was detained by ICE officers who informed Petitioner that he was

in violation of his nonimmigrant status. (Pet. ¶¶ 8-9.) He was served with an administrative warrant. (ECF 7-2 at 1.)

Petitioner is now in removal proceedings. (ECF 8-1 at 2.) *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (reflecting master calendar hearing in Petitioner's case set for August 31, 2026).

Petitioner filed this Petition on August 15, 2026. Respondents opposed the Petition (ECF 7) and Petitioner filed his response (ECF 8). The matter is now ready for decision.

## II. Analysis

Petitioner argues that his detention violates due process and asks for release. (Pet. ¶¶ 41-48.) He alleges that he was arrested without a warrant, and that his detention therefore violates § 1226(a). (Pet. ¶¶ 49-59.) Finally, he argues that his detention is arbitrary and capricious in violation of the APA. (Pet. ¶¶ 60-63.)

As to Petitioner's due process claim, courts in this Circuit, including this one, have found that noncitizens who have been released on *parole* have a liberty interest in maintaining that liberty. *E.g.*, *Zarief Kamel v. Santacruz*, No. 5:26-cv-03481-BFM, 2026 WL 1965112, at *2 (C.D. Cal. July 2, 2026) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Those decisions rely on the premise that release from custody on parole is an "implicit promise" that parole "will be revoked only if [the individual] fails to live up to the parole conditions."' *Id.* Not only is there a heightened liberty interest in maintaining parole once granted, individuals release on parole have been found not to be a danger or flight risk, yielding a heightened risk of an erroneous deprivation of liberty. *Id.* at *3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-09123-BFM **Date:** August 31, 2026

**Title:** *Oleg Ryakhovskiy v. Ernesto Santacruz Jr et al.*

==========================================================

That line of caselaw does not support Petitioner's claim, however, because Petitioner was not previously released on parole. An individual who has overstayed his nonimmigrant visa does not have a *conditional* liberty interest protected by the Due Process Clause. *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (denying procedural due process claim of individual who overstayed his visa); *Herrera v. Blanche*, No. C26-1684-MLP, 2026 WL 1733493, at *2 (W.D. Wash. June 16, 2026) (same); *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026) (finding that, with respect to an individual admitted on a B-2 visa, "[a]lthough Petitioner has a private interest in remaining free, he does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole.").

There are decisions in this Circuit finding a heightened liberty interest where DHS's conduct over time gives rise to an inference that it has decided that an asylum applicant is not a flight risk or danger. *E.g.*, *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (finding the government's course of conduct over six years, including not locating an individual when her visa expired, and twice extending her employment authorization during the pendency of her asylum application "reflected a sustained decision to permit [petitioner's] liberty"). The Court is not fully persuaded of decisions along that line: they read intentionality into what the Court understood used to be a deliberate separation between the mechanisms that enforced our immigration law and those that adjudicate requests for humanitarian relief, and is now something closer to bureaucratic neglect. Without deciding that there could never be a case where the factual inference made in *Gagik* is appropriate, those facts are not before the Court in

this case. Here, the Petition reflects that Petitioner entered two years ago on a temporary visa and filed an asylum application. (Pet. ¶¶ 1-5.)

Petitioner relies heavily on language in the receipt for his asylum application, which states: "You may remain in the United States until your asylum application is decided." (ECF 1-2 at 2.) Read in context, however, the receipt is not a promise that Petitioner would remain *at liberty* during the pendency of the application, but that he would not be removed until the application was adjudicated and that he would not accrue unlawful presence during that period. 8 U.S.C. § 1182(a)(9)(B)(iii)(II) ("No period of time in which an alien has a bona fide application for asylum pending under section 1158 of this title shall be taken into account in determining the period of unlawful presence in the United States . . . ."). Indeed, the very next line states: "Having a pending asylum application with USCIS does not preclude U.S. Immigration and Customs Enforcement (ICE) or U.S. Customs and Border Protection (CBP) from placing you into removal proceedings." (ECF 1-2 at 2.).

Not only is the liberty interest less substantial than that of an individual released on parole, the risk of an erroneous deprivation of liberty in such cases is also not as high as in the case of an individual who was already found not to pose a flight risk or danger to the community. *Jemna*, 2026 WL 788172, at *5. And while Petitioner undoubtedly has a liberty interest in avoiding detention, the law entitles him to a significant amount of process in connection with her detention: arrest with a warrant, a prompt custody decision, and the right to seek a custody redetermination before an immigration judge and to appeal the IJ's decision, if necessary. *See* 8 U.S.C. § 1226(a), (c), 8 C.F.R. § 1003.19(a)-(c); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive

procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."). Of these procedures, Petitioner claims he did not receive an administrative warrant, but Respondents' Answer supplied a copy of such warrant. (ECF 7-2 at 1.) On these facts, Petitioner has not shown that such process risked detention out of line with the appropriate ends of civil detention. For these reasons, Grounds One and Two in the Petition are denied.

Petitioner's Ground Three is brought under the Administrative Procedures Act. It alleges that Petitioner's detention is arbitrary and capricious because it is grounded in a visa overstay theory that is contradicted by the language on the asylum application receipt. For the reasons stated above, the Court does not see the contradiction: Petitioner did enter the United States a temporary, nonimmigrant visa, and is no longer within the period that that visa authorized. (ECF 1-1 at 2 (temporary visa authorizing admission until January 12, 2025).) He may not be removed while his asylum application is pending, but he may be subject to immigration enforcement. The Court concludes that Petitioner has therefore not supported his APA claim.

## III. Conclusion

Accordingly, the Petition is **denied**. Judgment shall be entered accordingly.

Initials of Preparer: ch